IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Rhonda Phillips, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   11 C 1231 |
| CACH, LLC, a Colorado limited liability company, and Pentagroup Financial, LLC, a Texas limited liability company, | ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Rhonda Phillips, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; b) both Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Rhonda Phillips ("Phillips"), is a citizen of the State of New York, from whom Defendants attempted to collect a delinquent consumer debt owed for a US Bank account, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.     Defendant, CACH, LLC ("CACH"), is a Colorado limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  CACH operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5.     Defendant CACH is a bad debt buyer that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then tries to collect through other debt collectors, like Defendant Pentagroup.

6.     Defendant, Pentagroup Financial, LLC ("Pentagroup"), is a Texas limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Pentagroup operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

7.     Both Defendants are authorized to conduct business in Illinois and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A.  In fact, both Defendants conduct business in Illinois.

8.     Moreover, both Defendants are licensed as collection agencies in Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B.  In fact, both Defendants act as debt collectors in Illinois.

**FACTUAL ALLEGATIONS**

9.     Ms. Phillips is a disabled woman, with limited assets and income, who fell

behind on paying her bills, including a consumer debt she owed for a US Bank account. At some point in time after that debt became delinquent, it was bought by Defendant CACH, and when CACH began trying to collect this debt from Ms. Phillips, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

10. Specifically, Defendant CACH hired another debt collector, the Law Office of Kevin Z. Shine ("Shine"), to demand payment of the US Bank/CACH debt from Ms. Phillips. Accordingly, on September 7, 2010, one of Ms. Phillips' attorneys at LASPD informed Defendant CACH, through its agent, Attorney Shine, that Ms. Phillips was represented by counsel, and directed CACH to cease contacting her, and to cease all further collection activities because Ms. Phillips was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

11. Undeterred, Defendant CACH then had Defendant Pentagroup send Ms. Phillips a collection letter, dated November 4, 2010, which demanded payment of the US Bank/CACH debt. A copy of this collection letter is attached as Exhibit D.

12. Accordingly, on January 20, 2011, Ms. Phillips' LASPD attorney had to send Defendants a letter, directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit E.

13. All of Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And To Cease Collections

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

17. Here, the letter from Ms. Phillips' agent, LASPD, told Defendants to cease communications and to cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

18. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

21. Defendants knew, or readily could have known, that Ms. Phillips was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant CACH, in writing, through its agent, that Ms. Phillips was represented by counsel, and had directed a cessation of communications with Ms.

4

Phillips. By directly sending Ms. Phillips a collection letter, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

22. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Rhonda Phillips, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Phillips, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Rhonda Phillips, demands trial by jury.

Rhonda Phillips,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: February 22, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com